T&A Insolvency Ipurl v Palade (2025 NY Slip Op 02743)

T&A Insolvency Ipurl v Palade

2025 NY Slip Op 02743

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 655245/23|Appeal No. 4295-4296|Case No. 2024-04331, 2024-07924|

[*1]T&A Insolvency Ipurl, Plaintiff-Appellant,
v
Rani Palade, Defendant-Respondent. 

Arnold & Porter Kaye Scholer LLP, New York (Margaret A. Rogers of counsel), for appellant.
Adelman Matz P.C., New York (David Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Louis C. Nock, J.), entered December 16, 2024, dismissing the complaint, pursuant to an order, same court and Justice, entered June 14, 2024, which granted defendant's motion for summary judgment dismissing the complaint, vacated a temporary restraining order that had been awarded to plaintiff as moot, and denied plaintiff's motion for an attachment as moot, unanimously reversed, on the law, without costs, the judgment vacated, defendant's motion for summary judgment denied, and the matter remanded for further proceedings consistent herewith. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to enforce a money judgment that became final in Romania on October 2, 2019. The motion court incorrectly found that this action was untimely under its interpretation of Romanian law. Under CPLR 5303(d) the motion court was required to consider Romanian law only for the purpose of determining whether the Romanian judgment would have been effective in Romania at the time the action was commenced. Pursuant to CPLR 5303(d), "[a]n action to recognize a foreign country judgment must be commenced within the earlier of the time during which the foreign country judgment is effective in the foreign country or [20] years from the date that the foreign country judgment became effective in the foreign country."
Defendant does not deny that the Romanian judgment was effective in Romania as of the date this action was commenced, or that plaintiff took enforcement actions in Romania in 2019, 2021 and 2023. This Court need not consider the merits of defendant's argument (and the court's finding) that Romanian lawapplies a different limitations period to cases commenced in jurisdictions outside of Romania. As noted, CPLR 5303(d) provides that an action to enforce a judgment may be commenced at the time which "the foreign country judgment is effective in the foreign country" — not, as defendant submits, at the time which the foreign country's limitation rules provide that the judgment is effective in New York (CPLR 5303[d]).
Having found that this action was time-barred, the court concluded that any preliminary remedies in furtherance of enforcing the Romanian judgment were unavailable, and denied the relief requested with respect to these provisional remedies as moot. Because this denial was based solely on the court's erroneous timeliness holding, the temporary restraining order is reinstated without prejudice to the court making a substantive determination on the merits of defendant's application to vacate
it. The court's denial of plaintiff's attachment motion as moot is also reversed, without prejudice to the court making a substantive determination on the motion. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025